JOSEPH DE MARCO, Appellant, v. WEST VIRGINIA PULP AND PAPER COMPANY, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide event, on the ground that the question of the justifiableness of the discharge should have been submitted to the jury. All concur.    Van Kirk, J., not sitting.

WILLIAM D. EDDY and WILLIAM H. WATERBURY, Appellants, v. JOSEPH J. CURL, Respondent.— Judgment and order unanimously affirmed, with costs.

HELEN ELLSWORTH, Respondent, v. WEBSTER ELLSWORTH, Appellant.— Order unanimously affirmed, with ten dollars costs and disbursements.

Before STATE INDUSTRIAL COMMISSION, Respondent.    In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by DORA RATTNER, Widow, Appellant, on Behalf of Herself and Dependent Children under the Age of Eighteen Years, on Account of the Death of CHARLES D. RATTNER, Deceased, v. DAVID SCHIFF, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Insurance Carrier, Respondents.— Decision unanimously affirmed.

Before STATE INDUSTRIAL BOARD, Respondent.    In the Matter of the Claim of W. H. FOLMSBEE, Respondent, for Compensation under the Workmen's Compensation Law, v. A. C. CHENEY PIANO ACTION COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.— Awards unanimously affirmed.

Before STATE INDUSTRIAL BOARD, Respondent.    In the Matter of the Claim of PETER LEONTYS, Respondent, for Compensation under the Workmen's Compensation Law, v. S. ANARGYROS, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.— Awards unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent.    In the Matter of the Claim for the Death of JAMES F. BAILEY, Made under the Workmen's Compensation Law, by His Mother, MARGARET BAILEY, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Employer and Self-Insurer, Appellant.— Award reversed and matter remitted to the State Industrial Board on the ground that it appears from the findings that the Commission could not determine the cause of the accident.    All concur, except John M. Kellogg, P. J., and Kiley, J., dissenting and voting for affirmance.